IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Marcus Smith, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | |
| v. | ) | NO. |
| | ) | |
| Steak n Shake Operations, Inc. and Michael Graham, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |
| | ) | |

**COMPLAINT**

COMES NOW Plaintiff Marcus Smith (hereinafter sometimes “Plaintiff”), and files this lawsuit against Defendants Steak n Shake Operations, Inc. (hereinafter sometimes "SnS")and Michael Graham, (hereinafter sometimes "Graham"), and shows the following:

**I. Nature of Complaint**

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory and injunctive relief, liquidated and actual

damages for Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. (hereinafter "FLSA") during Smith's employment with Defendant SnS, from March 12, 2008 until May 9, 2010.

Further, this complaint seeks actual and punitive damages for common law theft.

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1337, 1367 and 29 U.S.C. § 216(b).

4.

Defendant SnS is a company doing business in the State of Georgia, and the unlawful employment practices described herein occurred at its location at 2118 Mt. Zion Pkwy, Morrow, GA 30260. Defendant Graham is a resident of this judicial district. Accordingly venue in this court is proper pursuant to 28 USC § 1391(b)(2).

## III. Parties and Facts

5.

Plaintiff is a resident of the State of Georgia and began working for SnS in 2008 at the Morrow location. Michael Graham was the General Manager and directed the work of all employees at that location. Smith was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendant SnS. Plaintiff performed non-exempt labor for the Defendants within the relevant time period.

6.

Smith was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 during the relevant time period when he worked over forty (40) hours in a workweek.

Also, Smith was not paid for regular time for which he worked. Graham required Smith to come in an hour early every day and to work "off the clock." Smith was fired by Graham after reporting these issues to Graham's supervisor.

7.

SnS is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year. Defendant SnS, is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(e) and governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

Defendant Graham was General Manager of the Morrow location and

directed all work of the employees there. As General Manager, Graham controlled the day to day operations and was aware that Plaintiff was working overtime and "off the clock" without proper compensation.

**Count I - Violation of the overtime wage requirement Of the Fair Labor Standards Act.**

8.

Plaintiff realleges and incorporates herein all preceding paragraphs of this Complaint.

9.

Defendants have violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek during the relevant time period.

10.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover his regular and overtime wage differential, liquidated damages in an equal amount, attorney's fees, and the costs of this litigation.

11.

Throughout the relevant time period Defendants knowingly, intentionally

and willfully violated the FLSA by failing to pay Plaintiff the overtime and regular compensation to which he was entitled.

12.

Throughout the relevant time period Defendants "knew or showed reckless disregard" that their conduct violated overtime laws under the FLSA.

13.

Throughout the relevant time period Defendants failed to act in good faith and had no reasonable grounds for believing they were not violating the FLSA.

**Count II – Retaliatory Termination in Violation of the Fair Labor Standards Act.**

14.

Plaintiff realleges and incorporates herein all preceding paragraphs of this Complaint.

15.

Mr. Smith was discharged shortly after complaining to management regarding these violations of the FLSA. Therefore, this is a violation of the anti-retaliation portion of the FLSA. 29 U.S.C. §215 (a)(3).

16.

Pursuant to the FLSA anti-retaliation portions of the FLSA, Plaintiff brings this lawsuit to recover his lost pay, liquidated damages, his attorney's fees, and the costs of this litigation.

**Count III – Common Law Theft**

17.

Plaintiff realleges and incorporates herein all preceding paragraphs of this Complaint.

18.

As a direct and proximate result of Defendants' unlawful theft of time and money, by not paying Plaintiff for the time he worked, Plaintiff has suffered and is continuing to suffer injury including pecuniary losses and emotional anguish.

19.

In addition, the Defendants' actions showed willful misconduct, malice, fraud, wantonness, oppression, and an entire want of care that raises the presumption of conscious indifference to consequences and specific intent to cause harm, entitling Plaintiff to receive punitive damages sufficient

to deter, penalize, or punish the defendants in light of the circumstances of the case.

**Count IV – Attorneys' Fees and Costs Pursuant to OCGA § 13-6-11**

20.

Plaintiff realleges and incorporates herein all preceding paragraphs of this Complaint.

21.

Defendants have acted in bad faith and have caused Plaintiff unnecessary trouble and expense.

22.

As a direct and proximate result of Defendants' conduct, Plaintiff is entitled to all of his attorneys' fees and costs related to this litigation pursuant to OCGA § 13-6-11.

**Count V – Punitive Damages**

23.

Plaintiff realleges and incorporates herein all preceding paragraphs of this Complaint.

24.

Defendants' actions showed willful misconduct, fraud, malice, wantonness, oppression, and the entire want of care which would raise the presumption of conscious indifference to consequences with regard to the Plaintiff in connection with the allegations set forth in this complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

a. Require Defendants to pay Plaintiff damages for unpaid overtime compensation calculated at one and one-half times the proper normal rate that Plaintiff would have received but for unlawful conduct going back three years from the filing of this lawsuit;

b. Require Defendants to pay Plaintiff liquidated damages as provided for under the FLSA;

c. Require Defendants to pay Plaintiff for his damages as a result of their retaliatory termination, including but not limited to, his lost pay, attorney's fees, and liquidated damages;

d. Issue a declaratory judgment that Defendants have engaged in

unlawful employment practices in violation of the FLSA with respect to Plaintiff;

e. Award Plaintiff his reasonable attorney's fees and costs and expenses of suit arising from Defendants' violations under the FLSA;

f. Require Defendants to pay Plaintiff for his lost pay, attorney's fees, and punitive and liquidated damages, due to theft of his pay for services:

g. Provide such other and further relief as the Court may deem just and proper.

Respectfully submitted this 4th day of April, 2011.

S/Jack Rosenberg
Jack Rosenberg
Georgia Bar No. 614475
Suite W405
1117 Perimeter Center West
Atlanta, Georgia 30338
Telephone: (678) 736-5746
Facsimile: (678) 736-5199
jackrosenberg2@gmail.com