IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARCUS SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO. 1:11-cv-01072-JEC |
| v. | ) | |
| | ) | |
| STEAK 'N SHAKE OPERATIONS, INC., | ) | |
| and MICHAEL GRAHAM, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND
DISMISSAL WITH PREJUDICE**

Plaintiff Marcus Smith ("Plaintiff" or "Smith") and Defendants Steak 'n Shake Operations, Inc. ("Steak 'n Shake") and Michael W. Graham ("Graham") (collectively "the Parties"), jointly notify the Court that the Parties have resolved this action and all claims raised herein and hereby stipulate to the voluntary dismissal with prejudice of this action in its entirety pursuant to FED. R. CIV. P. 41(a). The Parties also jointly move the Court for entry of an Order approving the Parties' settlement and dismissal of the claims raised in this action under the Fair Labor Standards Act, 29 U.S.C. § 216(b) (the "FLSA" or the "Act"). To facilitate the Court's review of the Parties' settlement agreement and to preserve its

confidentiality, the Parties respectfully request the Court's permission to submit the settlement agreement for *in camera* inspection, or, in the alternative, permission to file the settlement agreement under seal.

## I. BACKGROUND

This case involved claims for alleged unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Plaintiff Marcus Smith filed this action on April 4, 2011. The Parties engaged in an extended discovery period, which included written discovery. The Parties have also scheduled depositions. However, the Parties have now reached an agreement amongst themselves to resolve this case, such that no further discovery or trial is necessary.

## II. LEGAL PRINCIPLES

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982).

Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960,961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

## III.  REASONABLE COMPROMISE

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiff's FLSA

claims against Steak 'n Shake and Graham.  The proposed settlement arises out of an action brought by the Plaintiff against his former employer and former General Manager, which was adversarial in nature.  During the litigation and settlement of this action, Plaintiff was represented by experienced counsel.

The Parties' settlement of these claims is the result of a bona fide compromise between them on a variety of disputes of law and fact.  The Parties stipulate that they are resolving the matter in order to avoid the cost and time of litigation, as well as the risks associated with proceeding to trial.  The Parties each conducted discovery and undertook detailed legal and factual analyses of the claims and defenses.

The settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues.  The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations.  All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.  Counsel for all parties agree that, in their respective opinions, the settlement was fair and reasonable under the circumstances.  The Parties themselves also attest to the fairness and reasonableness of their amicable settlement, and request that the Court approve the settlement and dismiss the action with prejudice.

Paragraph 3 of the confidential settlement agreement sets forth the specific monetary consideration provided to Plaintiff to resolve his claims and resolution of attorney's fees.  The Parties agree and stipulate that given the nature of Plaintiff's claims and the uncertainty that Plaintiff would recover anything at trial, the consideration paid to Plaintiff is reasonable and sufficient to provide not only reasonable compensation to Plaintiff but in addition also provides reasonable attorneys' fees and costs to Plaintiff's counsel.  The Parties further agree and hereby stipulate that, following dismissal of this action with prejudice, Plaintiff will receive all negotiated wages owed to him by Steak 'n Shake and/or Graham.

The Parties intend this settlement to represent a final resolution of all claims actually raised in this action or that could have been raised by Plaintiff, and it is the Parties' intention to permanently terminate this action.  The Parties have further agreed that, other than the payments in the settlement agreement, each party is responsible for its and his own attorneys' fees and costs associated with this action.

## IV.   CONCLUSION

The Parties jointly and respectfully request that this Court approve the settlement agreement of the Parties, and dismiss the instant action with prejudice.  The Parties respectfully request permission to submit their settlement agreement for inspection *in camera*.  Alternatively, the Parties respectfully request permission to

file the settlement agreement under seal so as to preserve the confidentiality of the agreement.  A proposed Order is submitted for the Court's convenience.

Respectfully submitted this 6th day of February, 2012.

| */s/ Jack Rosenberg w/ express permission*<br>Counsel for Plaintiff<br>Jack Rosenberg<br>5425 Glenridge Drive, Suite 53<br>Atlanta, Georgia 30342<br>Telephone: (404) 343-1091<br>Facsimile: (404) 343-1497<br>jackrosenberg2@gmail.com | */s/ Lauren H. Zeldin*<br>Counsel for Defendants<br>Gregory J. Hare, Esq.<br>Georgia Bar No. 326020<br>Lauren H. Zeldin<br>Georgia Bar No. 368999<br>Ogletree, Deakins, Nash,<br>   Smoak & Stewart, P.C.<br>191 Peachtree Street, NE<br>Suite 4800<br>Atlanta, Georgia  30303<br>Telephone:  404-881-1300<br>Facsimile:   404-870-1732 |
|---|---|

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARCUS SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO. 1:11-cv-01072-JEC |
| v. | ) | |
| | ) | |
| STEAK 'N SHAKE OPERATIONS, INC., | ) | |
| and MICHAEL GRAHAM, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE has been served via the Court's CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Jack Rosenberg, Esq.

Dated this 6th day of February, 2012.

*s/Lauren H. Zeldin*
Lauren H. Zeldin
Attorney for Defendants